**Eastern District of Kentucky**
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JAN 17 2007

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-104-GWU

DONELLA PRINGLE,                                          PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Pringle

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

Pringle

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Pringle

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Pringle

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Donella Pringle, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of hypertension, hematuria due to hereditary thin membrane disease, hemochromatosis, backache due to mild degenerative osteoarthritis, and osteoporosis. (Tr. 20). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 21-4). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were capable of medium level exertion, could sit, stand, and walk six hours each in an eight-hour day, and occasionally bend and crouch. (Tr. 430). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Id.).

7

Pringle

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Dr. Anantha Krishna treated the plaintiff in 2003 and 2004 for a variety of conditions including backache and hematuria, and apparently referred his patient to neurosurgeons John W. Gilbert and William H. Brooks for evaluation of her back problem. (Tr. 268-90). Dr. Brooks obtained thoracic and lumbar MRI examinations (Tr. 111, 348) showing degenerative disc disease, and diagnosed thoracic strain and pain, degenerative disc disease, nerve root injury, sciatica, and muscle spasms, among other conditions, and recommended physical therapy (Tr. 110). Dr. Brooks found a limited range of motion without evidence of weakness, sensory loss, or reflex asymmetry, and reviewed the MRI, which he believed showed mild disc degeneration but no evidence of a herniated disc or spinal stenosis. (Tr. 114). He assessed degenerative osteoarthritis, and suggested that the plaintiff continue physical therapy. (Id.). Dr. Brooks specifically declined to give an opinion regarding disability. (Tr. 113).

Dr. Krishna also referred Mrs. Pringle for evaluation of persistent microscopic hematuria (e.g., Tr. 189) and genetic hemochromatosis (e.g. Tr. 129). Dr. Steven Shedlofsky, a gastroenterologist, recommended phlebotomies at three month intervals for treatment of elevated iron levels, noting that Mrs. Pringle had been "relatively noncompliant" with this recommendation. (Id.). He commented in May, 2004, that he suspected that "many of Mrs. Pringle's symptoms are functional but

8

she does have some type of chronic inflammatory process with renal involvement."
(Id.).  Dr. Ashutosh Lohe and his partner Dr. Karman Hasni treated the plaintiff
beginning in August, 2003 for proteinuria on referral from Dr. Krishna.  (Tr. 285).
Electron microscopy at the Mayo Clinic showed the presence of hereditary "thin
basement membrane disease."  (Tr. 273-4, 282).  Dr. Lohe continued to treat the
patient for this condition, which he described as "hereditary nephropathy" with a
"good" prognosis, as well as for high blood pressure, which presented some
difficulties in control.  (E.g., Tr. 278-80).  The plaintiff also described back pain.  (Tr.
277).  Notes from Dr. Lohe and/or Hasni in 2005 contain indications of the plaintiff's
proteinuria becoming worse and "uncontrolled" hypertension, although apparently
both conditions responded to treatment.  (Tr. 350-4).

On August 19, 2004 Dr. Krishna prepared a physical residual functional
capacity form listing the plaintiff's problems as backache, arthritis of the spine,
hematuria, hereditary thin membrane disease, osteoporosis, hemochromatosis, and
chest pain.  (Tr. 263).  She had objective evidence of degenerative disc disease of
the spine, of hypertension and of hematuria secondary to kidney disease. (Id.).
Although he listed her prognosis as "good," Dr. Krishna felt that Mrs. Pringle could
not perform full time sitting, standing, and walking, would have to take unscheduled
breaks every two hours lasting 10-15 minutes, and could stoop and crouch less than
10 percent of the time.  (Tr. 264-6).  He described the plaintiff as not being a
malingerer.  (Tr. 264).  Although there were no emotional factors involved, Dr.

Pringle

Krishna opined that the plaintiff's pain and other severe symptoms would frequently interfere with her attention and concentration, and that she was incapable of even low stress jobs.  (Id.).

Dr. Hasni wrote a letter dated July 15, 2005 stating that he and Dr. Lohe had been treating Mrs. Pringle since August, 2003, and had recently reviewed Dr. Krishna's assessment of August 19, 2004.  (Tr. 372).  He opined that Dr. Krishna had made a "fair and reasonable assessment" and currently felt her "overall impairment" was much the same as described by Dr. Krishna.  (Id.).

No other treating or examining sources gave an opinion regarding functional capacity.  State agency physicians who reviewed the evidence in March, 2004 and September, 2004 indicated that the plaintiff's problems were either "less than severe" or would not meet the one year durational requirement for disability.  (Tr. 287-8).  Neither of the state agency sources reviewed or discussed the contrary opinions of the treating physicians.

The ALJ stated that he declined to accept Treating Physician Krishna's opinions "based on a lack of supporting clinical and diagnostic evidence," adding that they were excessive given the evidence of record and "inconsistent with their own clinical records as well as [the treatment] and the findings/conclusions of other treating and examining sources." (Tr. 19).  His functional capacity assessment was not based on any medical opinion.

10

Pringle

While the Commissioner is not bound by the opinion of even a treating physician where there is substantial evidence to the contrary, Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987), or where the opinion is so "patently deficient that the Commissioner could not possibly credit it," Wilson v. Commissioner of Social Security, 378 F.3d 541, 547 (6th Cir. 2004), the present case presents a claimant with some very unusual conditions, verified by specialists, which both her treating family physician and one of the specialists apparently considered to present far greater limitations than accepted by the ALJ. If the opinions of the treating sources are to be rejected, at a minimum, the ALJ should obtain an opinion from a medical reviewer with access to the entire record. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

The decision will be remanded for further consideration.

This the ___/7___ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE

11